IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC 01 2022
JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

___Naser Abdo_____, Plaintiff

v.

___United States_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.

A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Naser Abdo, 80882-280, US Penitentiary Max, PO Box 8500, Florence, CO, 81226
(Name, prisoner identification number, and complete mailing address)

Jasin Abdo
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
_X_ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1. United States, US Attorney General, 10th & Constitution,
(Name, job title, and complete mailing address)

Main Justice Bldg., Room 5111, NW, Washington DC, 20530

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 1 is being sued in his/her ___ individual and/or ___ official capacity.   N/A

2

Defendant 2: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

C.   **JURISDICTION**
*Indicate the federal legal basis for your claim(s): (check all that apply)*

___   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_   Other: (*please identify*) 28 USC § 1346(b)(1); The FTCA

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____See Attachment Pages_____

    Supporting facts:

4

#5

## D. STATEMENT OF CLAIMS

**Claim One: Battery & Intentional Infliction Of Emotional Distress [hereinafter IIED] As To The United States**

1. On 6-25-21 I was a prisoner at USP Max, PO Box 8500, Florence, CO, 81226; this is the ADX.
2. I was on my 35th day of my hunger strike.
3. Medical staff came to my cell to discuss my medical assessment.
4. The staff, upset over other issues, became irate and began cursing and threatening me.
5. I did not reciprocate, I remained calm explaining that I'd comply with the assessment.
6. Medical staff said, "don't fuck with my department or i'll fuck with you," then on leaving said, "don't be a bitch, take the gas!"
7. The 'gas' is a reference to a non-lethal weapon used by the Use Of Force Team assembled to deal with non-compliant inmates, see generally (Policy on using force, 5566.06), or in my case on inmates refusing medical treatment during hunger strikes, see generally (Hunger Strike policy, 5562.05 (requiring standard 'use of force' recording and reporting requirements when forcing lifesaving treatment or care).
8. The staff member was goading me to refuse cooperation once the 'team' was assembled so that I would be gassed and suffer, etc...
9. The truth is, too, that I tried to cooperate without the 'team' being assembled but the medical staff member refused to allow me to.
10. The 'team' arrives and I comply with the restraints.
11. When brought to the medical area and see the same nurse who threatened me earlier, I refuse to cooperate with him.
12. At no time did I violate policy. ~~[redacted]~~
13. Lt. Batson asks me to give a wieght & I refuse.
14. Lt. Batson orders staff to "place [me] on the scale."
15. I go limp and as my legs touch the scale I slide them to the ground.
16. At no time did I make any sudden movements nor kick anyone.
17. At no time did I become physically aggressive.
17. After Lt. Batson witnessed I would refuse to be wieghed, and an indeterminate pause, he ordered the 'team' to, "place [me]

#5

6

on the ground."

18. At this time i'm in "full ambulatory black box restraints with shackles with two-three officers holding me.

19. The officers then slam me to the ground and raise my legs up as if to hog tie me putting my crunched up body into a `pain-position`. My face is thrust into the ground and what felt like several knees grind into my back and body.

20. At no time do I become physically aggressive, kick, nor make sudden moves.

21. The officers, or one of them, are continuing to ratchet my legs and ankles untill it feels like they are trying to break my ankles by forcing them beyond their joints' range of motion. I'm not being violent in any way, yet this happens.

22. The immovable black-boxed cuffs refuse to allow the cuffs to adjust; thus, the several officers' pressure and crushing wieght on my back, plus my own, are all brought to bear on the cuff edges as my muskles, ligamants, nerves, and bones are forced to give way to the metal being thrust up by the floor and simultaneously pressed down under 300+ pounds of wieght from above.

23. I had remained calm thus far but the grating pain in my wrists and ankles, the humiliation of being treated like an animal and having my face crushed against the dirty ground upset me, if for no other reason than it was entirely gratuitous and cruel force.

24. I know that the burning fire in my wrists and fingers is an easy prelude to long term soft tissue damage causing nerve pain and other injuries. This is why the BOP regulates cuff handling issues.

25. For example, the BOP clearly prohibits persons from being carried or dragged by cuffs. BOP Policy §5566.06 at (6)(e).

26. Lt. Batson then asks, "Abdo, will you comply with the team and give a wieght?"

27. Shouting loud enough for the camera to hear I say, "No, nor am I going to provide a urine sample, the nurse should have done his job this morning," as opposed to incite me to get gassed.

28. My goal was to inform the camera that this entire incident, from the start, was wholly unnecessary.

29. I continue to refuse couperation with the nurse untill the assessment is over.

30. I know that the nurse won't report any pain or injuries so I

6

❼

just remain silent.

31. Several hours later, Nurse Dunn examines my wrists & arms, using a flashlight in the dimness of my cell.

32. My cell was C-501.

33. She provides me 2 packets of anti-biotic oil that I use for the abrasions and cuts on my forearms & wrists. ~~[crossed out]~~

34. This incident leaves searing fire in my wrists and hands for several days, along with numbness. It came & went, becoming excited by movements.

35. I was later that same evening given a fabricated incident report for attempting to assault staff, they alleged I "kicked."

36. The use of force video will show that the 'team' did not react to any kick at all, had I "kicked", staff would have immediately put me on the ground.

37. Rather, at all times the 'team' merely followed orders & took me down at the Lieutenants order.

38. Had I "kicked" or made aggressive actions, the Lt. would have told me to stop my aggressive behavior, or some similar command, but he did not.

39. The video will show that after the alleged "kick", Lt. Batson merely asked me to comply with the weight, because that, and that alone, was the reason force was used, not any "kick".

40. When I didn't take the bait earlier that morning by getting gassed, staff sought to batter & humiliate me instead, concocting false reasons to cause me pain.

41. Use of Force video recording requirements states that a camera should have view on the inmate.

42. Despite the assessment happening in largely one place for minutes, staff holding the camera refused to avail himself of a view of my full body in order to later provide grounds for fabricating this report.

43. Staff have used the tactic of accusing inmates of "kicking" staff in order to justify force. In my case, on several occassions these false reports were found baseless. They fabricated the instant report nonetheless.

44. Regardless, the video will show that my body was very still & I can't have kicked anyone.

45. The video of C-unit, C-Lower should be preserved from 4-8pm, for the day of 6-25-21

❼

## LAW APPLIED

46. The "intentional tort of battery require[s] a subjective desire... to inflict a harmful or offensive contact on another..." White v. Muniz, 999 P.2d 814 (Colo. 2000); accord Polanco v. Roth, LEXIS 703 (D. Colo. 2014).

47. In Colorado law "maliciousness is satisfied upon a showing the injury was inflicted without just cause or excuse." Polanco v. Roth, 2014 Bankr. LEXIS 703 (D. Colo. Feb. 21, 2014).

48. Defendant's violation of BOP policy show malice and lack of "cause or excuse", Id. Defendants violated 28 C.F.R. § 552.22 because they used "[f]orce ... to punish an inmate." See supra ¶¶ 40 ("staff sought to batter and humiliate..."), 43 (staff fabricated reports to "justify force").

49. Defendant violated 28 C.F.R. § 552.22(c) because they used more force than "necessary to gain control of the inmate." See supra ¶¶ 18-21 (staff use force where no aggression exists while I'm in full restraints), 13-17 (force is used because I refuse medical assessment, not because of any aggression on my part).

50. Defendant violated BOP Policy 5566.06 (1) (staff "may not use ... physical violence, or intimidation toward inmates."). See supra ¶¶ 6-8 (staff act aggressively to coax me into getting "gassed"); see also ¶ 4 (same).

51. Acts sufficient to find malice under the Eighth Amendment should also be held to be sufficient to find malice and/or intent to harm under Colorado battery law. Compare Bozeman v. Orum, 422 F.3d 1265, 71 n.11 (11th Cir. 2005) (threats can help in "the determination of... the officer's subjective state."), and Mann v. Failey, 578 F. App'x 267, 72 (4th Cir. 2014) (same), with supra ¶ 50 (stating arguments on staff threats); compare also Giron v. Corr. Corp. of Am., 191 F.3d 1281, 90 (10th Cir. 1999) ("Where there is no legitimate penological interest... the conduct itself is sufficient evidence... [of] malice."), with supra ¶¶ 48-50 (stating arguments of staff violating policy and regulation evincing thereby absolutely no claim to 'penological interests').

52. Forcing handcuffed prisoners to floor and kneeing them in the back states a battery claim. McCollum v. United States, 2014 U.S. Dist. LEXIS 25173 (D. Colo. Feb. 26, 2014).

53. "[C]onduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he has actual or apparent authority over the other, or the power to affect the other's interests." Zalnis v. Thoroughbred Datsun Car. Co., 645 P.2d 292, 94 (Colo. App. 1982).

54. Here, Defendant is my custodian and I was fully restrained. See supra ¶¶ 1, 18

9

Also, Defendant humiliated me and caused me injury. See supra ¶¶ 19-24, 34.

55. Defendant hereby is guilty of Battery & Outrage.

56. These documents are considered filed when handed over to prison officials for post through BOP legal mail procedures.

9

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): US, Munoz, Balsick, Craig, Starika, Fernandez, Melvin, Johnston, Williams

Docket number and court: 18-cv-01622-KMT (D. Colo.)

Claims raised: Battery, IIED, Negligence, 8th Amendment

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) Jointly stipulated dismissal

Reasons for dismissal, if dismissed: Private settlement

Result on appeal, if appealed: N/A

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

10

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Monetary Damages

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

11-23-22
(Date)

(Form Revised December 2017)

11

