IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-03110-CNS-NRN

NASER ABDO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
LT. KAMMRAD,
LT. INGRAM,
OFFICER BALSICK,
OFFICER QUEZADA,
BUREAU OF PRISONS,
OFFICE OF LIEUTENANT OR CAPTAIN,

    Defendants.

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss the Second Amended Complaint, ECF No. 52, and United States Magistrate Judge N. Reid Neureiter's Recommendation to dismiss Plaintiff's Claims 3, 5, 6, 7, 8, 13, 15, 16, and 17, ECF No. 91. Plaintiff objected to Magistrate Judge Neureiter's Recommendation, and the Government responded. ECF Nos. 108, 114. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

1

## I. SUMMARY FOR PRO SE PLAINTIFF

On May 26, 2023, Defendants filed a Partial Motion to Dismiss your Second Amended Complaint. ECF No. 52. Defendants moved to dismiss each of your claims except Claims 1, 2, and 14. They challenged those claims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. This Court referred Defendant's motion to Magistrate Judge Neureiter for initial determination.

As you are aware, Magistrate Judge Neureiter recommended that this Court dismiss Claims 3, 5, 7, 8, 13, 16, and 17 for lack of subject matter jurisdiction and Claims 6 and 15 for failure to state a claim upon which relief may be granted. ECF No. 91 at 2. You objected to the Recommendation on several grounds, but it appears that you assert four primary arguments. ECF No. 108 at 2–3. First, you contend that Magistrate Judge Neureiter incorrectly determined that the discretionary function exception (DFE) bars your negligence claims. Second, you argue that he improperly applied Rule 12(b)(1) to the negligence claims when he should have applied Rule 12(b)(6), which in turn denied you the opportunity to engage in discovery. Third, you challenge Magistrate Judge Neureiter's finding that your Eighth Amendment claims for nominal damages cannot survive. And fourth, you argue that you have sufficiently pleaded extreme and outrageous conduct for your intentional infliction of emotional distress (IIED) claims.

After considering the arguments raised in your objection, the Court is overruling your objection, and it is affirming and adopting Magistrate Judge Neureiter's Recommendation to dismiss Claims 3, 5, 6, 7, 8, 13, 15, 16, and 17. The Court will explain

why it is doing so further below. This Order will discuss the legal authority that supports this conclusion.

This Order results in the dismissal of your claims identified above, but your remaining claims—Claim One (battery), Claim Two (IIED), and Claim 14 (battery)—survive.

## II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is a federal inmate at United States Penitentiary, Administrative Maximum Facility ("USP Florence ADMAX") in Florence, Colorado. ECF No. 24 (Second Amended Complaint), ¶ 1. He seeks monetary relief arising from alleged mistreatment by prison staff during a hunger strike in two separate events in June and July 2021. *See generally id.*

Plaintiff asserts 18 claims in his Second Amended Complaint. Magistrate Judge Neureiter thoroughly outlines Plaintiff's 18 claims in his Recommendation, and the Court finds it unnecessary to repeat that summary here. *See* ECF No. 91 at 6–8. In short, only nine claims are at issue in this order: Claims 3, 5, 6, 7, 8, 13, 15, 16, and 17—the nine claims Magistrate Judge Neureiter recommends dismissing. With respect to the other nine claims, Plaintiff has withdrawn Claims 4, 9–12, 18, and each request for injunctive relief. ECF No. 76 at 30. And Defendants did not seek dismissal of Claims 1, 2, and 14. ECF No. 52 at 1 (moving for dismissal of all claims except Claim 14); ECF No. 81 at 1–2 (withdrawing argument to dismiss Claims 1 and 2).

### III. STANDARD OF REVIEW AND LEGAL STANDARDS

#### A. Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Id.* (citation omitted).

In this case, Defendants implicate the second type of Rule 12(b)(1) challenge. *See* ECF No. 52 at 10 n.3. When reviewing a factual attack, a court "does not presume the

4

truthfulness of the complaint's factual allegations" but it has wide discretion to consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *See United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001) (citation omitted).

It is well settled that Plaintiff bears the burden of establishing subject matter jurisdiction because he is the party asserting it. *Port City Props. v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### C. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV.   ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a de novo review of Defendants' motion. Having done so, the Court concurs with the analysis of Magistrate Judge Neureiter.

First, with respect to Plaintiff's negligence claims (Claims 3, 5, 13, and 16), the Court finds that both prongs of the test set forth in *Berkovitz v. United States*, 486 U.S. 531 (1988), are satisfied, and therefore, the discretionary function exception (DFE) bars these claims. The Court also finds it proper to analyze these claims pursuant to Rule 12(b)(1). *Poletto v. Sawyer*, No. 22-CV-01824-WJM-KLM, 2023 WL 2401066, at *8 (D. Colo. Mar. 8, 2023) (dismissal proper under Rule 12(b)(1) when DFE to the FTCA applies to the plaintiff's claims). Nothing in Plaintiff's objection warrants a different result. Therefore, Plaintiff's Claims 3, 5, 13, and 16 are dismissed because the Court lacks subject matter jurisdiction to hear these claims.

Second, the Court finds that Plaintiff's IIED claims (Claims 6 and 15) should be dismissed under Rule 12(b)(6). Even accepting Plaintiff's well-pled facts as true for purposes of Defendants' motion, Plaintiff fails to allege conduct that goes "beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Riske v. King Soopers*, 366 F.3d 1085, 1089 (10th Cir. 2004) (quoting *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970)). Plaintiff therefore has failed to adequately allege that Defendants engaged in extreme and outrageous conduct

sufficient to state an IIED claim, and the Court rejects Plaintiff's arguments to the contrary. Plaintiff's Claims 6 and 15 are dismissed for failure to state a claim.

Third, Plaintiff's Eighth Amendment claims for damages (Claims 7, 8, and 17) must be dismissed because Plaintiff asserts these claims for monetary damages against Defendants in their official capacities. Thus, the Court lacks jurisdiction to hear these claims. *See Gowadia v. Stearns*, 596 F. App'x 667, 670 (10th Cir. 2014) ("Although government actors may be held liable for select constitutional violations in their *individual* capacities, *see, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), government actors in their *official* capacities are absolutely immune from suit for money damages, *see Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002)." (emphasis in original)); *Green v. Fed. Bureau of Prisons*, No. CIVA.07CV1011DMEMEH, 2009 WL 150650, at *2 (D. Colo. Jan. 21, 2009) (Ebel, J.) ("Sovereign immunity removes a court's jurisdiction over a complaint."). Moreover, contrary to Plaintiff's argument, the Court's analysis remains the same with regard to nominal damages. *See Rogers v. Vilsack*, No. 121CV01779-DDD-SKC, 2023 WL 2958408, at *2 (D. Colo. Mar. 27, 2023) ("This Court does not have the jurisdiction to award nominal damages because there is no applicable waiver of sovereign immunity."), *aff'd sub nom.*, *Carpenter v. Vilsack*, No. 22-8079, 2023 WL 6810960 (10th Cir. Oct. 16, 2023); *Reinhardt v. Kopcow*, 66 F. Supp. 3d 1348, 1360 (D. Colo. 2014) ("[N]ominal damages are monetary damages to which qualified immunity applies."). Therefore, Plaintiff's Eighth Amendment claims are dismissed for lack of subject matter jurisdiction.

Consistent with the above analysis, the Court accepts, adopts, and affirms Magistrate Judge Neureiter's Recommendation in its entirety.

## V. CONCLUSION

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation to dismiss Plaintiff's Claims 3, 5–8, 13, 15, and 16–17, ECF No. 91, as an order of this Court. Those claims are dismissed without prejudice. Defendants' Partial Motion to Dismiss, ECF No. 52, is GRANTED in part.

DATED this 12th day of March 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge